# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A04-00716-DMD<br><br>BEN A. THOMAS, INC.,<br><br>Debtor. | Chapter 7 |
| WASSER & WINTERS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RITCHIE BROS. AUCTIONEERS (AMERICA), INC.,<br><br>Defendant. | Adv. No. A04-90044-DMD<br><br>**Filed On**<br>**6/15/05** |

### MEMORANDUM RE: DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

Defendant Ritchie Bros. Auctioneers has filed a renewed motion for summary judgment. The court denied Ritchie's prior motion for summary judgment on December 22, 2004. Since then, the parties have engaged in significant discovery and the record was substantially supplemented in the renewed motion. Additionally, this court has found that Wasser & Winters' security interest in the $607,046.77 of auction proceeds primes the interest of two employee benefit trusts. Because of this ruling, Wasser & Winters will receive a larger share of the auction proceeds which have been interpled into this court. In spite of this, however, Wasser will still have a deficiency claim which cannot be satisfied from the interpled funds because its security interest extended only to 6 items of the debtor's

equipment that was auctioned by Ritchie. Wasser seeks to recover its deficiency out of Ritchie's private pocket on a variety of theories. I don't think it can do so.

Background

An involuntary petition was filed against the debtor, Ben A. Thomas, Inc., on July 2, 2004. Prior to this, the debtor had retained Ritchie Bros. to auction its equipment in Olympia, Washington, in March, 2004. Wasser & Winters held a security interest in some of the items being auctioned. The dispute in this case centers around language in a March 29, 2004, letter Wasser signed authorizing Ritchie to sell 7 items of its collateral at the auction of the debtor's equipment. Wasser agreed to release its lien in the collateral upon receipt of a payoff of "net proceeds not to exceed $331,078.55 after Keybank National payoff." Each party alleges that a contract was formed that was advantageous to their current position. Ritchie maintains the contract required it to remit net proceeds to Wasser after payment of all senior liens, while Wasser contends that it was to receive net proceeds following payment of KeyBank's interest alone. Both parties believed, at the time the March 29 letter was negotiated, that there were no other liens on Wasser's collateral. Wasser had expressly asked Ritchie, prior to entering the contract, whether there were liens, particularly IRS liens, on the equipment. Ritchie, relying on lien and title information in its possession at the time it negotiated the auction of Wasser's collateral, said there were none other than KeyBank's. Wasser relied on this information when the March 29 letter was negotiated.

2

Other liens, including tax liens held by the IRS and the Kodiak Island Borough and statutory liens by employee benefit trusts, did in fact encumber the equipment. These liens were not discovered until after the auction had occurred. These other liens will consume the remaining proceeds from the sale of Ben Thomas equipment, leaving nothing for Wasser's deficiency claim (or the claims of other unsecured creditors).

Wasser filed a civil action against Ritchie in state court on July 23, 2004,[1] seeking damages for breach of contract, misrepresentation, promissory estoppel and conversion. On August 24, 2004, Ritchie filed a complaint in interpleader in this court and subsequently tendered the net auction proceeds, $607,064.77, to the Clerk for deposit into the court registry. Ritchie removed Wasser's state court action to this court in August, 2004. The trustee has since sold additional items of the debtor's equipment, bringing the total sum available to pay the creditors with competing liens and security interests in this collateral to $623,789.77.[2]

Discussion

I have thoroughly reviewed the renewed motion, opposition and reply. Wasser does not attack the manner in which the auction was conducted or the prices received for its

---

[1] Wasser's state court action was filed 21 days after the involuntary petition against Ben A. Thomas, Inc., was filed.

[2] *See* Trustee's Proposed Final Judgment, filed June 14, 2005 (Docket No. 89), in *Ritchie Bros. Auctioneers (America), Inc. v. Wasser & Winters, et al. (In re Ben A. Thomas, Inc.)*, Adv. No. A04-90040-DMD.

3

collateral, nor does it contend Ritchie guaranteed payment to it of $331,078.55. Yet Wasser attempts to hold Ritchie liable for this full amount on various theories.

I agree with Ritchie that summary judgment, dismissing Wasser's complaint, is appropriate, but reach this determination via a different analysis. Both Ritchie and Wasser genuinely believed, at the time the March 29 letter was executed, that there were no senior liens on Wasser's collateral other than KeyBank's. This erroneous belief related to facts as they existed at the time of the making of the contract.[3] It was a mistake as to a basic assumption of the contract. Such a mistake renders the contract voidable by the party adversely affected by the mistake, unless that party bears the risk of the mistake.[4] Wasser would have Ritchie bear the risk of the parties' mistake. I find it more reasonable to have Wasser bear the risk because, ultimately, Wasser is only entitled to net proceeds after payment of all senior liens, regardless of who liquidates its collateral or what theory is applied to determine its damages.[5]

For the foregoing reasons, Ritchie's renewed motion for summary judgment will be granted. An order and judgment of dismissal will be entered consistent with this memorandum.

---

[3]*See* Restatement (Second) of Contracts § 151 cmt. a (1981).

[4]*See* Restatement (Second) of Contracts § 152.

[5]*See* Restatement (Second) of Contracts § 154(c) [A party bears the risk of a mistake when it is allocated to him by the court on the ground that it is reasonable under the circumstances].

DATED: June 15, 2005

BY THE COURT

  /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: Patrick Gilmore, Esq. (for Wasser)
Michael Mills, Esq. (for Ritchie)
P. Gingras, Adv. Case Mgr.

06/15/05

5