**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| In re: Case No. A04-00716-DMD<br><br>BEN A. THOMAS, INC.,<br><br>Debtor. | Chapter 11 |
| WASSER & WINTERS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RICHIE BROS. AUCTIONEERS (AMERICA), INC.,<br><br>Defendant. | Adversary No. A04-90044-DMD<br><br>**Filed On 8/29/05** |

**MEMORANDUM IN SUPPORT OF MOTION TO**
**WITHDRAW THE REFERENCE**

This case was referred to bankruptcy court by the district court on October 6, 2004. The district court stated: "The Court is satisfied that there is a sufficient nexus between the claims in this case and the pending bankruptcy proceeding that a referral is presently in order."[1] At the time of the referral, there was also an interpleader action pending in bankruptcy court, Ritchie Bros. v. Wasser &Winters, et al., A04-90040-DMD. The interpleader action involved $607,046.77 in auction proceeds arising from the sale of logging

---

[1] Order from Chambers, Case No. A04-0185 CV (JKS), D.E. #24.

trucks and equipment of the debtor Ben Thomas, Inc. Wasser & Winters prevailed in a dispute with certain logging and timber trusts in that action.[2] Despite prevailing in that portion of the dispute, Wasser & Winters has received but $85,954.36 of its $334,000.00 plus claim. Other lien creditors, including Key Bank and the Internal Revenue Service, will consume the balance of the interpled funds.

There are no other funds available to satisfy Wasser's claim at this time. The bankruptcy estate has not been fully administered but there is virtually no likelihood of a dividend on Wasser's unsecured claim against the debtor. There are millions of dollars in claims filed and some of those claims supercede the interests of unsecured creditors like Wasser. The Pension Benefit Guaranty Corporation, for instance, has filed a priority claim for $6,644,000.00. The only estate assets appear to be litigation rights. The trustee has filed an action seeking to recover roughly $400,000.00 plus interest from some corporate insiders. The litigation is in its infancy. Even if the defendants promptly paid the trustee the full amount of his claims, none of the funds would ever result in payment to Wasser. This estate is in too deep a hole for it's claim to see daylight.

Wasser has requested a jury trial and will not consent to a jury trial in bankruptcy court. Bankruptcy courts lack subject matter jurisdiction over state law contract claims involving non-debtors.[3] Both parties consent to withdrawal of the reference. The

---

[2] *Ritchie Bros. v. Wasser & Winters*, *et. al.,* 8 A.B.R. 133 (Bankr. D. Alaska 2005).

[3] *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982).

2

reference should be withdrawn and the district court, not the bankruptcy court, should rule on Ritchie's pending motion for summary judgment and, if necessary, conduct a jury trial.

DATED:   August 26, 2005.

                                                BY THE COURT

                                                /s/ Donald MacDonald IV
                                                DONALD MacDONALD IV
                                                United States Bankruptcy Judge


Serve:    P. Gilmore, Esq.
          M. Mills, Esq.
          P. Gingras, Adv. Case Mgr. - served 8/26/05 – pg

          08/29/05