UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A04-00716-DMD<br><br>BEN A. THOMAS, INC.,<br><br>Debtor. | Chapter 7 |
| WASSER & WINTERS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RITCHIE BROS. AUCTIONEERS (AMERICA), INC.,<br><br>Defendant. | Adversary No. A04-90044-DMD<br><br>**Filed On 9/14/05** |

## REPORT AND RECOMMENDATION REGARDING THE COURT'S MOTION TO WITHDRAW THE REFERENCE

To: The United States District Court

Introduction

      The Bankruptcy Court has filed a motion to withdraw the reference of this action to the United States District Court for the District of Alaska. The plaintiff has filed a non-opposition to that motion; the defendant has filed an objection to withdrawal of the reference or, alternatively, a request that this court enter a report and recommendation on its renewed motion for summary judgment.

      The plaintiff has made a timely jury demand, but does not consent to a jury trial by the bankruptcy court. More importantly, the bankruptcy court lacks subject matter

jurisdiction because this proceeding involves exclusively non-debtor parties and state law contract claims. The interpleader action Ritchie Bros. filed in the bankruptcy court, which named Wasser & Winters and other defendants, has been resolved and the claims which Wasser asserts against Ritchie Bros. have no impact upon or relationship to the Ben A. Thomas bankruptcy. The Bankruptcy Court submits the following report to the United States District Court, and recommends that its motion to withdraw the reference be granted.

Case Background

This action has had a tortuous procedural history. Wasser & Winters filed a complaint in state court on July 23, 2004, three weeks after an involuntary chapter 11 bankruptcy petition had been filed against debtor Ben A. Thomas, Inc. Wasser's complaint, however, didn't name this debtor as a defendant. The only named defendant was Ritchie Bros. Auctioneers. Wasser's complaint contains counts for breach of contract, misrepresentation, promissory estoppel and conversion, all based on representations Ritchie made to it in connection with the prepetition auction of certain Ben A. Thomas, Inc., equipment which was Wasser's collateral. Problems arose because several liens against the Ben A. Thomas equipment were discovered after Ritchie conducted the auction.

On August 24, 2004, Ritchie commenced an adversary proceeding in the Ben A. Thomas bankruptcy, filing a complaint in interpleader which named Wasser among other numerous defendants. Ritchie interpled net proceeds from its prepetition auction of Ben A. Thomas equipment, an amount in excess of $600,000, into the bankruptcy court registry.

2

The next day, Ritchie filed a notice of removal of Wasser's state court action with the United States District Court for the District of Alaska.

Wasser filed a motion to remand the action to state court, and Ritchie filed a motion to refer the action to the bankruptcy court. On October 14, 2004, Wasser's motion was denied and Ritchie's was granted. The district court found that there was a sufficient nexus between the claims Wasser had asserted and the pending Ben A. Thomas bankruptcy to justify a transfer to the bankruptcy court. That nexus was primarily based upon the interpleader action that Ritchie had filed in the bankruptcy court.

Judgment was entered in the interpleader action on July 13, 2005. Wasser received $85,954.36 of the interpled funds. Wasser has also filed a proof of claim in the Ben A. Thomas bankruptcy in the sum of $334,921. It is unlikely that Wasser will receive any additional distributions in the Ben A. Thomas bankruptcy, however. There are millions of dollars of claims filed, and several have priority over Wasser's general unsecured claim.

The proof of claim Wasser has filed in the Ben A. Thomas bankruptcy is based upon loans, evidenced by promissory notes, that Wasser extended to the debtor. Wasser's claim against Ritchie, on the other hand, is based upon the agreement reached between these two parties regarding the auction of Wasser's collateral. Except to the extent of any offset, this claim is independent of, and wholly unrelated to, Wasser's claim against the debtor.

In the instant adversary proceeding, Ritchie filed two motions for summary judgment. The first one was denied by this court, as was Ritchie's motion for reconsideration. After the parties engaged in discovery, Ritchie filed a renewed motion for

3

summary judgment. Wasser asserted a cross-motion for summary judgment in its opposition. This court granted Ritchie's motion for summary judgment on June 15, 2005. Wasser promptly moved for reconsideration and, after oral argument on August 24, 2005, its motion was granted.

In addition to granting reconsideration and vacating the summary judgment, this court moved to withdraw the reference of this action back to district court. Wasser does not oppose the motion. Ritchie has objected to withdrawal of the reference. Alternatively, Ritchie asks the bankruptcy court to submit a recommendation to the district court on its renewed motion for summary judgment.

Analysis

This is a non-core proceeding.[1] It involves two non-debtor parties and a state law contract claim. Bankruptcy courts lack subject matter jurisdiction over such claims.[2] Additionally, Wasser has demanded a jury trial and does not consent to holding such a trial before this court. Contrary to Ritchie's assertions, Wasser has not waived its right to a jury trial, with regard to its claim against Ritchie, by filing a proof of claim in the Ben A. Thomas

---

[1] Non-core proceedings are ones which do not depend on the Bankruptcy Code for their existence and could proceed in a forum other than the bankruptcy court. *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004).

[2] *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50 (1982).

bankruptcy.[3] Wasser has submitted itself to the equitable jurisdiction of the bankruptcy court only as to its claim against the debtor. Its proof of claim cannot be considered a waiver of its right to a jury trial of an unrelated claim against a non-debtor party.

Finally, both parties have indicated that they would consent to this court submitting a recommendation to the district court on Ritchie's renewed motion for summary judgment. I decline to do so. 28 U.S.C. § 157(c)(1) allows a bankruptcy judge to submit proposed findings to the district court for non-core proceedings that are *related* to a bankruptcy case.[4] Wasser's claim against Ritchie is not related to the Ben A. Thomas bankruptcy case. Its resolution will have no impact whatsoever on the bankruptcy case. It is therefore inappropriate for the bankruptcy court to submit a recommendation to the district court on the merits of this case.

Recommendation and Conclusion

---

[3] Ritchie cites *Langenkamp v. Culp*, 498 U.S. 42 (1990), and *Granfinanciera, S.A., v. Nordberg*, 492 U.S. 33 (1989), in support of its contention. But unlike the creditor in *Langenkamp*, Wasser is not being sued by a trustee in bankruptcy to recover a preferential transfer. The filing of a claim in bankruptcy does not transform a state law claim into a core proceeding, even if both are based on the same transaction, and each one must be evaluated separately. *Benedor Corp. v. Conejo Enter. (In re Conejo Enter.)*, 96 F.3d 346, 349-50 (9th Cir. 1996). Wasser's claim against Ritchie is based on a different transaction than its claim against debtor Ben A. Thomas, and cannot be considered part of the claims allowance process in the Ben A. Thomas bankruptcy.

[4] 28 U.S.C. § 157(c)(1) specifies that "[a] bankruptcy judge may hear a proceeding that is not a core proceeding *but that is otherwise related to a case under title 11*. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, . . ." [emphasis added]

5

This is a non-core proceeding involving non-debtor parties and a state law contract claim. The bankruptcy court lacks jurisdiction over such a claim. Moreover, Wasser has made a timely jury demand, and has not waived its right to a jury trial on its claim against Ritchie by filing a proof of claim in the Ben A. Thomas bankruptcy case. Finally, because this proceeding has no relation to the Ben A. Thomas bankruptcy case, it is inappropriate for the bankruptcy court to make a recommendation to the district court on the merits of the case. The Bankruptcy Court respectfully recommends that its motion to withdraw the reference be granted.

DATED: September 14, 2005

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:    P. Gilmore, Esq.
M. Mills, Esq.
P. Gingras, Adv. Case Mgr.
C. Rapp, Appeals/Reference Tracking
W. Wolfe, Clerk of Bankruptcy Court

9/14/05